IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KELLY SUZANNE SPITZER, | § | No. 1:25-CV-02005-DAE |
| | § | |
| *Petitioner*, | § | |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| THE CORPORATION OF THE | § | |
| UNITED STATES, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER

Before the Court is Petitioner Kelly Suzanne Spitzer's ("Petitioner")

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dkt. # 1.)

Pursuant to this division's standing order, the case was referred to United States

Magistrate Judge Mark Lane for findings and recommendations, pursuant to 28

U.S.C. § 636(b). (Dkt. # 3.) Judge Lane filed his report and recommendation on

February 4, 2026. (Dkt. # 4.) In his report and recommendation, Judge Lane

recommends that the Court dismiss Petitioner's Petition for Writ of Habeas Corpus

for failure to state a claim upon which relief may be granted. (Id. at 3.) Judge

Lane notes that Petitioner describes "fantastic and delusional scenarios," and

therefore should be dismissed as frivolous. (Id.)

1

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error.  See Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error.  After careful consideration and review, the Court finds none and **ADOPTS IN FULL** the Magistrate Judge's Report. (Dkt. # 4.)  In her Petition, Petitioner requests "release from unlawful servitude and restraint" imposed by the United States through the Central Intelligence Agency's "MKUltra program."  (Dkt. # 1 at 1.)  She alleges that the government, through covert actions, has subjected her to 57 years of unlawful servitude and psychological torture and asks that the Court, among other things, "[i]ssue a Writ of Habeas Corpus, declaring Petitioner free from any unlawful servitude or psychological restraint imposed by the US"; "[o]rder the United States Department

of State to issue a U.S. diplomatic passport for Petitioner, as an affirmation of their autonomy and freedom from alleged government control, to facilitate international recognition of their liberated status"; and "[g]rant a presidential pardon immediately for any crimes committed by this body while under the control of The US, or others under their control."  (Id. at 2, 4.)  The Court agrees with the Magistrate Judge's conclusion that the Petition lacks an arguable basis in fact and should be dismissed as frivolous.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. # 4), is **ADOPTED**. **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, (Dkt. # 1), is **DISMISSED WITH PREJUDICE** for frivolousness.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, July 9, 2026.

David Alan Ezra
Senior United States District Judge

3